# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KIM HONG THI LE,**

    Petitioner

v.                                                              Civil Action No. 1:08cv212
                                                                       (Judge Keeley)

**DEPT. OF HOMELAND SECURITY,**

    Respondent.

## OPINION/REPORT AND RECOMMENDATION

### I. Factual and Procedural History

The petitioner initiated this case on December 2, 2008, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dckt. 1. In the petition, the petitioner challenges an immigration detainer lodged against her by the Bureau of Immigration and Customs Enforcement ("ICE"). In support of her claim, the petitioner asserts that the detainer is unlawful and prevents her from participating in available reentry programs and extends the duration of her confinement.

On December 3, 2008, the undersigned conducted a preliminary review of the petition and determined that summary dismissal was not warranted at that time. Dckt. 4. Accordingly, the respondent was directed to show cause why the petition should not be granted. *Id.*

On February 17, 2009, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Dckt. 17. In support of the motion, the respondent asserts that the Bureau of Prisons ("BOP") policy precluding halfway house placement and home confinement of inmates with detainers does not violate a constitutional right. Dckt. 18 at 5-6. In addition, the respondent asserts that the petitioner cannot challenge an ICE detainer until she is in the custody of ICE authorities. *Id.* at 6-9.

Because the petitioner is proceeding *pro se*, the Court issued a Roseboro Notice on February 19, 2009, advising the petitioner of her right to file a response to the respondent's motion. Dckt. 19.

On February 25, 2009, the respondent filed a supplement to its motion to dismiss, informing the Court that the petitioner was released to the custody of ICE authorities on February 17, 2009. Dckt. 20. Thus, the respondent requests the dismissal of this case as moot.

On March 2, 2009, the petitioner filed a response to the respondent's motion to dismiss. Dckt. 21. In her response, the petitioner asserts that the respondent's motion should be denied because it fails to address all of the issues in this case. *Id.* at 1. For example, the petitioner asserts that the respondent fails to provide justification for the Department of Homeland Security's ("DHS") failure to notify her in a timely manner that a detainer had been placed on her record. *Id.* In addition, the petitioner asserts that the respondent's motion fails to provide justification for DHS' failure to determine that the petitioner is a flight risk, a danger to the public, or removable from the United States. *Id.*

On March 24, 2009, the petitioner filed a response to the respondent's supplement. Dckt. 23. In her response, the petitioner asserts that the petition remains relevant and that it should not be dismissed as moot. *Id.* at 1.

## II. Analysis

**A. Mootness**

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

Here, it is undisputed that the petitioner was released from the custody of the BOP on February 17, 2009. Accordingly, to the extent that the petitioner asserts that detainer prevented her participation in reentry programs and home confinement, the Court can no longer offer the petitioner any relief related to those claims, and those matters are now moot.[1]

**B. Legality of the Detainer**

A federal court may issue a writ of habeas corpus under § 2241 only if the petitioner is "in custody in violation of the Constitution or law or treatises of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). Of the courts to consider whether an ICE detainer satisfies the "in custody" requirement of § 2241, the Courts have held that an ICE detainer, without more, does not satisfy that requirement. See Hamilton v. Bureau of Immigration and Customs Enforcement, 2008 WL 2512644 *2, 1:08cv1174-TWT (N.D.Ga. June 19, 2008) (collecting cases).

When this case was filed, the petitioner was in the custody of the BOP serving her federal sentence. Thus, this Court did not have jurisdiction to consider the legality of the petitioner's immigration detainer at the time this case was initiated. However, during the pendency of this case, the petitioner was released from the custody of the BOP and taken into custody by ICE authorities. Nevertheless, ICE transferred the petitioner outside the jurisdiction of this Court and is currently holding her at an immigration detention center in York, Pennsylvania. Thus, to the extent that the petitioner may now challenge the legality of her immigration detainer because she meets the "in custody" requirement of § 2241, jurisdiction lies in the district court with in which the petitioner is

---

[1] The undersigned notes that there are exceptions to the mootness doctrine such as where a case may involve collateral consequences providing a continued significant stake in the outcome, or where a case is capable of repetition but evading review. See Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir. 1994). However, I find that neither of these exceptions apply in this case.

3

now being held. Consequently, because jurisdiction of this claim has never been, and is not now, appropriate in this Court, this Court does not have the authority to consider the legality of the petitioner's immigration detainer.

### III. Recommendation

For the foregoing reasons, it is recommended that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 17) be **GRANTED** and the petitioner's § 2241 habeas corpus petition be **DENIED** and **DISMISSED without prejudice** to the petitioner's right to challenge the legality of her immigration detainer in the appropriate court.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections as set forth above will result in the waiver of the right to appeal from a judgment of this Court based upon this Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via certified mail.

DATED: April 21, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE